**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

JULIE J. BIGNER and GINA L. SCHEIDT,

     Plaintiffs,

v.

CHILDREN'S HOSPITAL COLORADO,
A Colorado Nonprofit Corporation,

     Defendant.

---

**COMPLAINT WITH JURY DEMAND**

---

     Plaintiffs Gina L. Scheidt and Julie J. Bigner, by and through their attorney, Mark S. Bove, P.C., hereby submit their Complaint With Jury Demand, stating and alleging as follows:

**PARTIES AND JURISDICTION**

     1.    Plaintiff, Gina L. Scheidt ("Ms. Scheidt"), is a citizen of the United States and a resident and citizen of the State and District of Colorado, and is currently 56 years of age.

     2.    Plaintiff, Julie J. Bigner ("Ms. Bigner"), is a citizen of the United States and a resident and citizen of the State and District of Colorado, and is currently 50 years of age.

     3.    Children's Hospital of Colorado("Children's") is a Colorado nonprofit corporation, authorized to do business, and doing business within the State and District of Colorado, including the operation of a major medical center at the Anschutz Campus in Aurora, Colorado.  Children's is an employer within the meaning of the Age Discrimination in Employment Act.

     4.    This is an action alleging unlawful employment practices, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621, et seq.  Jurisdiction is proper pursuant to 28 U.S.C. §§1331 and 1343.

5.     Venue is proper in this judicial district, pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events giving rise to the claims occurred in this judicial district, and because the unlawful employment practices alleged herein were committed in this judicial district.

6.     Joinder of Ms. Bigner and Ms. Scheidt as parties plaintiff is proper under F.R.C.P. 20(a), because they assert claims for relief arising out of the same transaction or series of transactions or occurrences, and there are common questions of law and fact that will arise in the action.  Specifically, Ms. Scheidt and Ms. Bigner are both registered nurses, both worked for many years at the Cardiology Clinic of Children's, they worked under the same supervisor and managers, they were terminated by Children's on the same date for the same reasons, and they assert the same claims for relief.

7.     Ms. Scheidt and Ms. Bigner have complied with all jurisdictional, administrative and legal prerequisites to filing this action.  Specifically, Ms. Bigner and Ms. Scheidt filed Charges of Discrimination with the Equal Employment Opportunity Commission (EEOC) on or about April 4, 2019, designated as Charge #541-2019-01582 and Charge #541-2019-01632, respectively.  Ms. Scheidt and Ms. Bigner received Notices of Right To Sue on their Charges from EEOC on or about September 30, 2019.

## GENERAL ALLEGATIONS

8.     Plaintiffs incorporate by reference paragraphs 1 through 7 as if set forth here verbatim.

9.     Ms. Scheidt began her employment with Children's in July of 1987 as a registered nurse.  Over the years, she received excellent performance appraisals, as well as numerous commendations, participated in extensive training and workplace activities, and always performed

2

her job duties in a satisfactory and professional manner. Her final performance appraisal by Children's placed her in the "Exceeds" category, and certified that all of her activities were conducted properly within the scope of professional practice.

10.     Ms. Bigner began her employment with Children's in June of 1991 as an intern.  She continued her employment as a registered nurse starting in October of 1992.  Over the years, she received excellent performance appraisals, as well as numerous commendations, participated in extensive training and workplace activities, and always performed her job duties in a satisfactory and professional manner.  Her final performance appraisal by Children's placed her in the "Achieves" category, and certified that all of her activities were conducted properly within the scope of professional practice.

11.     Many of the children treated at the Cardiology Clinic must take blood thinner drugs to reduce the risk of dangerous clotting, and for many patients, the drug used is Coumadin.  Ms. Bigner and Ms. Scheidt cared for numerous patients over the years who were on a Coumadin prescription.  These patients often undergo a test to assure that the clotting time for their blood is within a safe range; the test is referred to as PT-INR, and the test result is referred to as the INR level.

12.     For many years, the practice at the Clinic was as follows: If INR results came back for a patient within normal limits, the nurse in charge that day would advise the family of the result and advise them to continue the Coumadin without change.  If INR results came back either above or below the normal range, the nurse in charge would contact the treating provider in person or by phone, discuss the results, and obtain any changes ordered by the provider; any changes were then entered to the patient's chart and both the family and the pharmacy were advised.  When the Epic

electronic medical records system was introduced at Children's, essentially the same procedure continued, and the Coumadin change was noted as a telephone encounter in the Epic system.  None of this was the subject of any formal policy, procedure or protocol.

13.     In the Summer of 2018, a new manager came to the Cardiology Clinic, Elizabeth Donlin.  Ms. Donlin was approximately 37 years old when she started the position.

14.     On or about February 18, 2019, Ms. Donlin met with Ms. Scheidt and Ms. Bigner to discuss Coumadin issues.  Although Ms. Donlin now asserts that she made some changes to the then existing Coumadin procedure, outlined above, these assertions are untrue, and in fact she made no changes to the procedure verbally or in writing, and issued no memo, policy or email containing any such changes.

15.     On or about March 8, 2019, Ms. Donlin did issue an email making an immediate change to the Coumadin procedure.  This change required that the provider either enter the order for a change in the Coumadin dosage, or sign off on an order entered by the nurse.  On information and belief, this change was not discussed with the physicians treating the children with Coumadin prescriptions.

16.     During the period March 8 to March 14, Ms. Scheidt was not the charge nurse at the Clinic and accordingly had no involvement with any Coumadin changes.  Ms. Bigner was the charge nurse on one day during that period, and followed proper procedure, in conjunction with the treating providers, in caring for any patients with Coumadin prescriptions.

17.     On or about March 14, 2019, Ms. Bigner and Ms. Scheidt were called into separate meetings with Ms. Donlin, Interim Director Kathleen Butler and HR Manager Pamela Maughlin. Each was advised that she was under investigation for practicing outside the scope of her profession,

and each was placed on administrative leave without pay.  Neither Ms. Scheidt nor Ms. Bigner was guilty of practicing outside the scope of the profession.

18.     On or about March 21, 2019, Ms. Bigner and Ms. Scheidt were each given a letter of termination by Children's, discharging them from employment for "practicing out of scope" with reference to the Coumadin procedure.  Neither Ms. Scheidt nor Ms. Bigner was guilty of practicing outside the scope of the profession.  The letters misstated the date of the March 14 meeting, misstated the rate of pay of each nurse, and misstated the hours worked (in the form of a full-time equivalent, or FTE).  The reasons for termination stated in the letters were pretexts for age discrimination.

19.     On or about May 6, 2019, Dr. Jeffrey Darst, the director of the Cardiology Clinic, issued an email, instructing all nurses in the clinic to go back to the "old way" of handling Coumadin changes.  That is, if an abnormal INR result is received, the nurse is to call the doctor to discuss; after a decision is reached on any changes, the nurse will document the telephone encounter, and the provider will acknowledge the phone encounter in the Epic system.  Dr. Darst explained in his email that the Epic system was creating a "mess" when attempts were made to enter the Coumadin change as a new order.

20.     The physicians who work at the Clinic have expressed that Ms. Bigner and Ms. Scheidt are excellent nurses, always cared for their patients appropriately, did not practice outside the scope of the profession, and should not have been discharged by Children's.

**FIRST CLAIM FOR RELIEF**

21.     Plaintiffs incorporate by reference paragraphs 1 through 20 as if set forth here verbatim.

22.     The discharge of Ms. Bigner and Ms. Scheidt on or about March 21, 2019, constituted discrimination on the basis of age, and constituted an unlawful employment practice under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, *et seq.*

23.     As a result of said unlawful employment practice, Ms. Scheidt and Ms. Bigner have suffered and will continue to suffer loss of pay, salary, retirement and other benefits, prejudgment and post judgment interest, reasonable attorney's fees and costs, and other pecuniary damages.

24.     As further result of said unlawful employment practice, Ms. Bigner and Ms. Scheidt have suffered and will continue to suffer loss of career opportunities, inconvenience, disruption and loss of enjoyment of life, and related injuries of a similar nature.

25.      Children's violations of the ADEA were willful and intentional, and Ms. Scheidt and Ms. Bigner are therefore entitled to an award of liquidated damages

WHEREFORE, Ms. Bigner and Ms. Scheidt request that this Court enter judgment in their favor and against Children's Hospital Colorado, including the following relief:

a.      Injunctive relief, including reinstatement;

b.      Back pay, benefits, pension and seniority;

c.      Front pay as applicable;

d.      Compensatory, punitive and liquidated damages as provided by law;

e.      Prejudgment and post judgement interest;

f.      Costs and reasonable attorney's fees, including expert witness fees; and

       g.       Such other and further relief as the Court deems just and proper.

**PLAINTIFFS DEMAND TRIAL TO A JURY OF SIX ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

MARK S. BOVE, P.C.

s/ Mark S. Bove
Mark S. Bove
730 17th Street, Suite 340
Denver, CO 80202
303-284-8394
msbove@aol.com
ATTORNEY FOR PLAINTIFF

Addresses of plaintiffs:

Ms. Bigner
19807 Rosewood Court
Parker, CO 80138

Ms. Scheidt
6037 Routt Court
Arvada, CO 80004